UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

***************************************************

| | | |
|---|---|---|
| GLENN SINGLETON AND MARK SINGLETON<br>    Plaintiffs | : | CIVIL ACTION |
| | : | NUMBER: 17-cv-17423 |
| VERSUS | : | SECTION: KDE-EDK |
| GREG CHAMPAGNE, Sheriff, Parish of St. Charles, JEROME CARTER, Deputy Sheriff, Parish of St. CHARLES, DERRICK SCHWARTZ, Deputy Sheriff, Parish of St. Charles, DANIEL APRIL, Deputy Sheriff, Parish of St. Charles, ALLEN TABORA, Deputy Sheriff, Parish of St. Charles, JASON TILIAKOS, Parish of St. Charles, and KEVIN TENNISON, Deputy Sheriff, Parish of St. Charles,<br>    Defendants | : | MEMORANDUM IN OPPOSITION TO DISMISS COMPLAINT |

***************************************************

MAY IT PLEASE THE COURT:

Plaintiffs herein, Glenn Singleton and Mark Singleton, originally filed this Complaint on December 18, 2017, pursuant to 42 U.S.C. 1983, alleging violations of the Fourth, Eight, and Fourteenth Amendments to the United States Constitution, naming as Defendants, Greg Champagne, sheriff, Parish of St. Charles, who was sued in his official and individual capacities, and Jerome Carter, Derrick Schwartz, Daniel April, Allen Tabora, Jason Tiliakos, and Kevin Tennison, sheriff deputies, Parish of St. Charles, who were also sued in their individual and official capacities.[1]  Plaintiff invoked federal court jurisdiction as well as ancillary jurisdiction,

---

[1] Rec. Doc. 1, ¶¶ 1 and 3(a) and (b)

citing, but not exclusively, LSA-C.C. arts. 2315, 2316 and 2320.[2]  Plaintiffs amended their original complaint on January 17, 2018.[3]

Plaintiff, Glenn Singleton, alleged that he was unlawfully and violently attacked by Defendants Carter, Tabora, Tennison, April and Tiliakos, causing significant injuries, arrested, taken to jail, booked and charged with interfering with an investigation, and resisting an officer with force and violence.[4]  Plaintiff alleged that the charges were dismissed by the court, finding a lack of probable cause for his arrest and detention.  The charges were subsequently refused by the district attorney's office.[5]

Plaintiff Mark Singleton, similar to his father, alleges that he also was unlawfully and violently attacked by Defendants Taboro and April.[6]  In addition, he alleges that several other defendants joined in the attack.[7]  In further alleges that the Defendants pulled several pieces of hair from his head.[8]  He was arrested and charged with resisting arrest by violence and battery on a police officer.[9]  The judge found that there was no probable cause for Plaintiff's arrest and

---

[2]     Rec. Doc. ¶ 1

[3]     Rec. Doc. 5 [Henceforth, all references will be to the Amended Complaint]

[4]     Rec. Doc. 5, ¶¶ 9, 10, 11 and 12

[5]     Rec. Doc. 5, ¶13

[6]     Rec. Doc 5, ¶¶ 19

[7]     *Id.*

[8]     *Id.*

[9]     Rec. Doc, ¶ 20

detention, and ordered his release; the district attorney refused the charges.[10] During the attack on his person, Plaintiff sustained a chipped fracture in the right hand.[11]

Defendants Champagne and Schwartz filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. contending that "plaintiffs have presented no facts, yet alone with 'factual detail and particularity' which would give rise to a claim under either 42 U.S.C. 1983 or La. Civ. Code art. 2315 against Greg Champagne and Dustin Schwartz."[12] Defendants Champagne and Schwartz contend that Section 1983 does not permit claims of punitive damages against municipalities and individuals acting in their official capacity.[13] Finally, Defendants contend that the only claims remaining viable are the "individual claims for 42 U.S.C. 1983 and La. Civ. Code art. 2315 against Jaronne Carter, Daniel April, Allen Tabora, Jason Tiliakos, and Kevin Tennison . . ."[14]

Plaintiffs do not object to dismissal of Defendant Champagne's and Defendant Schwartz's claims asserted by Plaintiffs pursuant to Section 1983 and La. Civil Code art. 2315. Actually, the undersigned attempted to convey that fact to counsel for Defendant, who refused to accept or return the undersigned's telephone calls.[15] However, as set forth below, Plaintiffs still

---

[10] Rec. Doc. ¶ 21

[11] Rec. Doc. ¶ 22

[12] Rec. Doc. 8-1 at 13

[13] Rec. Doc. 8-1at 3

[14] *Id.*

[15] Counsel for Plaintiffs sent a letter to Defendants' counsel requesting a continuous of the submission date. *See* P-1. In response, counsel for Defendant sent a letter to the undersigned, objecting to the request. *See* P-2. The undersigned telephoned counsel for Defendant, on Tuesday, April 3, 2018, regarding said letter, and said counsel refused to accept, or return, the call.

have remaining a viable La. Civ. Code art. 2320 claim against Defendant Champagne, pursuant to the principle of "respondeat superior."

## ARGUMENT

### 1. Applicable Legal Standard: Rule 12(b)(6) Motion

The applicable legal standard governing Rule 12(b)(6) motion to dismiss was cogently articulated by the court in *Duffie v. Wichita County:*[16]

> To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the federal Rules of Civil Procedure, a plaintiff must plead "enough facts to sttae a claim for relief that is plausible on its face. *Bell v. Twombly,* 550 U544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). " claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Igbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955*).* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line betwee possibility and probability of entitlement to relief.'" *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955) (internal quotation marks omitted).
>
> In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007). The Court si not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Igbal,* 556 U.S. at 678-79, 129 S.Ct. 1937. When there are well-pleaded factual allegations, the Court assumes their veracity and them determines whether they plausibly give rise to an entitlement to relief. *Id.* However, the Court does "not accept as true conclusory allegations, unwarranted factual inferences, or elgal

---

[16]   990 F.Supp. 695 (N.DTex. 2013)

conclusions." *Southland Sec. Corp v. INSprie Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan /stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).* Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*[17]

## 2. Legal Argument

**Plaintiffs have set forth a cognizable claim for relief pursuant to the La. Civ. Code art. 2320**

Art. 2320 provides, in relevant part, that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." In *Jenkins v. Jefferson Parish Sheriff's Office,* the Louisiana Supreme Court held that a sheriff is the employer of his deputy sheriff, and that Art. 2320 imposes vicarious liability upon a sheriff in his official capacity for the deputy's wrongful conduct in the course and scope of his employment.[18]

In their amended complaint, Plaintiffs specifically alleged that, "[a]t all times relevant hereto, Defendants were acting within the course and scope of their employment with the St. Charles Parish Sheriffs' Office.[19] Further down in the amended complaint, Plaintiffs alleged that Defendant Champagne "is liable for the actions of Defendants Carter, Schwartz, April, Tabora, Tiliakos and Tennison under the principle of 'respondeat' superior." Defendants do not

---

[17]    595 at 706

[18]    402 So.2d 669, 671 (La. 1981)

[19]    Rec. Doc. 5, ¶ 23.

challenge those allegation. These allegations are sufficient to defeat a Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.[20]

## CONCLUSION

It is submitted that Defendants Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., should be granted in part, and denied in part.  It should be granted respective to Plaintiffs' Section 1983 claims against Defendant Champagne and Schwartz, and Plaintiffs individual liability claims against them pursuant to La. Civ. Code art. 2315.  It should be denied respective to Plaintiffs' La. Civ. Code art. 2320 claims against Defendant Champagne.

Respectfully submitted:

/s/ Ronald L. Wilson
RONALD L. WILSON (#13575)
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70112
PH:     (504) 525-4361
FAX:   (504) 525-4380
Email: cabral2@aol.com

Nicholas Trenticosta (#18475)
7100 St. Charles Avenue
New Orleans, LA.  70118
PH: (504) 352-8019
Email: nicktr@bellsouth.net

COUNSEL FOR PLAINTIFFS

---

[20] Although Defendants made no argument nor cited any authority for the dismissal of Plaintiffs' art. 2320 claim, they nonetheless asked the court to dismiss it.

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this 5th day of April, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have elected e-notification by operation of the court's electronic filing system. I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record or parties who are non-CM/ECF participants via fascimile and/or via hand delivery and/or the United States mail, postage prepaid and properly addressed.

                                                          <u>/s/ Ronald L. Wilson           </u>